## KUINLAN v. MELÉNDEZ.

### APPEAL from the District Court of Arecibo.

No. 31.—Decided May 6, 1904.

PROMISSORY NOTE—EVIDENCE—ALLEGATIONS.—Facts admitted in the complaint or answer by the party to be injured thereby are considered as fully established, and it is not necessary to admit evidence as to the existence thereof.

ID.—WITNESSES.—The testimony of witnesses taken without the requirements and formalities prescribed by the Law of Civil Procedure is of no force or effect.

PRESCRIPTION—COMMERCIAL PROMISSORY NOTES.—Actions arising from commercial promissory notes are barred at the end of three years from the maturity thereof, whether protested or not.

ID.—COMMERCIAL LOANS.—Where one of the contracting parties is a merchant, and the things given as a loan are intended for commercial transactions, the loan will be reputed to be one of a commercial character.

naren á actos de comercio.

Id.—Obligaciones Pagaderas por Años ó en Plazos Más Breves.—Las acciones procedentes de las obligaciones pagaderas por años ó en plazos más breves, prescriben por el transcurso de cinco años.

Id.—Acciones Personales.—Las acciones personales que no tengan señalado término especial de prescripción, prescriben á los quince años.

Id.—Con arreglo al Código de Comercio de 1829, no podía entablarse acción alguna para el cobro ó reembolso de las libranzas y pagarés de comercio, después de haber transcurrido cuatro años desde su vencimiento.        . . . . . . . .

Id.—La prescripción comenzada antes de la publicación del Código Civil de 1899, habia de regirse por las leyes anteriores al mismo, pero si desde que empezó á regir transcurriése todo el tiempo en él exigido para la prescripción, surtirá ésta su efecto, aunque por dichas leyes anteriores se requiriese mayor lapso de tiempo.

## EXPOSICIÓN DEL CASO.

En el juicio seguido ante el Tribunal de Distrito de Arecibo, entre partes, de la una, Don Gregorio Kuinlam, demandante, y de la otra D. Gumersindo Meléndez, demandado sobre cobro de pesos, cuyo juicio pende ante Nos á virtud de recurso de casación por infracción de ley, hoy de apelación, interpuesto por Kuinlam contra la sentencia dictada por dicho Tribunal, habiendo representado y defendido ante esta Corte Suprema á la parte recurrente el Letrado D. Rafael López Landrón, sin que haya comparecido la parte recurrida.

*Resultando* que la expresada sentencia copiada á la letra dice así:

"Sentencia No. 16.—En la villa de Arecibo, á veinte y cinco de Marzo de mil novecientos dos.—Visto, por este Tribunal de Distrito el juicio declarativo seguido por D. Gregorio Kuinlam, vecino de esta villa, representado y defendido por el Letrado D. Manuel O. Figueróa, contra D. Gumersindo Meléndez, vecino de Barros, defendido por el Letrado D. Ramón Nadal Santa Coloma, en cobro de pesos.

1. *Resultando*: que el Letrado D. Manuel O. Figueróa, acompañando un pagaré suscrito en Manatí á 30 de Mayo de 1885 por Meléndez Hermanos á favor de Da. Antonia Delgado por la suma de mil pesos moneda corriente entonces, y endosado por dicha Sra. á favor de D. Gregorio Kuinlam, en el que confiesa dicha Delgado

Id.—OBLIGATIONS PAYABLE ANNUALLY OR IN SHORTER PERIODS.—Actions originating in obligations payable annually or in shorter periods prescribe at the end of five years.

Id.—PERSONAL ACTIONS.—Personal actions for which no special period of prescription has been fixed are barred in fifteen years.

Id.—According to the Code of Commerce of 1829, no action for the collection or reimbursement of drafts or commercial promissory notes could be instituted after the expiration of four years from their maturity.

Id.—When prescription had begun to run prior to the publication of the Civil Code of 1889, it was governed by the laws antecedent thereto; but if, after it went into force, all the time required by said Code to constitute prescription had elapsed, the same would be given effect, even though a greater lapse of time may have been required by prior laws.

## STATEMENT OF THE CASE.

This is an action brought in the District Court of Arecibo by Gregorio Kuinlan, plaintiff, against Gumersindo Meléndez, defendant, for the recovery of a debt; which case is pending before us on appeal in cassation for error of law, now ordinary appeal, taken by Kuinlan from the judgment rendered by said court. The party appellant was represented in this Supreme Court by Attorney Rafael López Landrón, the respondent having failed to appear.

The aforesaid judgment reads as follows:

"Judgment No. 16.—In the city of Arecibo, March 25, 1902. A hearing before this district court was held of the declaratory action brought by Gregorio Kuinlan, a resident of this city, represented by Attorney Manuel C. Figueroa, against Gumersindo Meléndez, a resident of Barros, represented by Attorney Ramón Nadal Santa Coloma for the recovery of a debt.

"On October 8, 1903, Attorney Manuel C. Figueroa brought in this court, on behalf of Gregorio Kuinlan, a declaratory action against Gumersindo Meléndez, as partner and successor of the commercial firm which formerly did business in the town of Manatí under the name and style of Meléndez Hermanos. He filed with the complaint

haber recibido por cuenta del referido pagaré 200 pesos en 31 de Julio de aquel año, presentó á este Tribunal con fecha 8 de Octubre del año próximo pasado, demanda en juicio declarativo á nombre de D. Gregorio Kuinlam contra D. Gumersindo Meléndez, como sócio y sucesor de la mercantil que giró en el pueblo de Manatí bajo la razón de "Meléndez Hermanos," fundándola, como hechos: en que por documento privado otorgado en el pueblo de Manatí, á 30 de Mayo de 1885, la sociedad comercial colectiva denominada "Meléndez Hermanos" se obligó á pagar á Da. Antonia Delgado del mismo vecindario, ó á su órden, la cantidad de mil pesos de la moneda entonces corriente, el día 30 de Mayo del año próximo de 1886, siendo convenido amortizar el crédito, entregándole la suma de cien pesos mensuales, con el interés del uno por ciento, hasta extinguir la deuda en el término señalado; que en 31 de Julio de 1885 percibió la Sra. Delgado de la sociedad deudora á cuenta del importe de la deuda la suma de 200 pesos de la misma moneda, cuyo recibo estampó al calce de la misma obligación que autorizó, á su ruego D. José A. Espínola, Colector de Rentas Internas que fué de Manatí, hoy difunto, y continuó percibiendo el interés convenido del 1% mensual por los 800 pesos restantes del pagaré, á que quedó reducido el crédito, hasta el 31 de Mayo de 1887; que el día 30 de Junio de dicho año, la acreedora Delgado endosó á la orden de su representado Sr. Kuinlam el pagaré por los 800 pesos, con más los intereses que desde el referido mes de Junio inclusive le adeudaba la sociedad Meléndez Hermanos, cuyo endoso suscribió á su ruego por no saber firmar el mismo Sr. D. José A. Espínola y que ocurrido el fallecimiento de D. José Elías Meléndez socio de la mercantil deudora, el otro socio, D. Gumersindo Meléndez le sucedió en los bienes y obligaciones de la sociedad, sin que hasta la fecha haya hecho efectiva la obligación que aquella suscribió á favor de la Sra. Delgado y que hoy corresponde á D. Gregorio Kuinlam: ni los intereses convenidos. Como fundamentos de derecho citó los artículos 1, 170, 1108 y 1112 del Código Civil, 461, 533 y 127 del Código Mercantil, inciso 5° del 459 y regla 1a. del 62 de la Ley de Enjuiciamiento Civil, y el 63 de la Orden General 118; y termina solicitando en definitiva se condene á D. Gumersindo Meléndez, como socio sucesor 'de la Mercantil "Meléndez Hermanos" á que pague á su representado D. Gregorio Kuinlam, como endosatario del pagaré acompañado, en el término de 3°. día, la cantidad de 1240 pesos treinta y dos centavos moneda americana por capital é intereses convenidos al uno por ciento mensual hasta el treinta de Setiembre del año próximo pasado, con más los

a promissory note, executed in Manatí under date of May 30, 1885, by Meléndez Hermanos, in favor of Antonia Delgado, for the sum of one thousand *pesos* of the money then in circulation, and indorsed by said Delgado to the order of Gregorio Kuinlan, in which said note Antonia Delgado acknowledges the receipt of two hundred *pesos* on account thereof on the 31st of July of that year. The facts alleged are: That by a private document executed May 30, 1885, in the town of Manatí, the mercantile firm known as Meléndez Hermanos agreed to pay Antonia Delgado, of the same locality, or to her order, on May 30, 1886, the sum of one thousand *pesos* of the money then current, it being stipulated that the debt was to be extinguished by monthly payments of one hundred *pesos*, with interest at one per cent. until final settlement within the period fixed therefor; that on July 31, 1885, Mrs. Delgado received from the debtor firm on account of said debt, the sum of two hundred *pesos* of the same money, receipt whereof was indorsed at the foot of said note at her request by the late José A. Espinola, formerly internal revenue collector for Manatí, and she continued to receive the monthly interest at one per cent. as agreed upon on the remaining eight hundred *pesos* of the note to which the debt had been reduced, up to May 31, 1887; that on June 30 of said year the creditor Delgado indorsed to the order of her representative Kuinlan the note for eight hundred *pesos*, with interest accrued from said month of June against the firm of Meléndez Hermanos, said indorsement being signed at her request by aforesaid José A. Espinola, and that José Elías Meléndez, a partner of the debtor firm, having died, the other partner, Gumersindo Meléndez, became the successor to the assets and liabilities of the copartnership, but so far he has failed to take up the note made by said firm in favor of Mrs. Delgado, and now the property of Gregorio Kuinlan, nor has he even paid the interest agreed upon. As legal grounds of action he cited articles 1170, 1108 and 112 of the Civil Code, 461, 533 and 127 of the Code of Commerce, paragraph 5 of article 459, and the first rule of article 62 of the Law of Civil Procedure, and section 63 of General Order No. 118. He closed with the prayer that final judgment be rendered adjudging Gumersindo Meléndez, as successor of the copartnership of Mélendez Hermanos, to pay his client Gregorio Kuinlan, indorsee of accompanying promissory note, within the period of three days, the sum of $1,240.32 United States currency, and principal and monthly interest agreed upon at one per cent. up to September 30 of last year, besides interest on the interest accrued from the date of the commencement of the action until final payment, and costs. By supplementary prayer he re-

intereses de los intereses desde el día de la interposición de la demanda hasta el de su efectivo pago, y las costas; y por un otrosí pidió que toda vez que la Sra. Delgado era de una edad muy avanzada y se encontraba enferma, cuyas dolencias ponían en peligro su vida, y amparado de la disposición que entraña el art. 501 de la Ley, se recibiera declaración en su morada á dicha Señora, acerca del recibo á cuenta del pagaré de los docientos pesos y su endoso á favor del actor por el resto de la deuda y sus intereses.

2. *Resultando*: que admitida la demanda se comisionó al Juez Municipal de Manatí para recibir la declaración á la Sra. Delgado, y se dió traslado de la misma, con emplazamiento por el termino de Ley, al demandado Don Gumersindo Meléndez, que la contestó por medio del Letrado Don Ramón Nadal Santa Coloma, alegando como hechos: que la sociedad Mercantil que existió en Manatí hasta Noviembre de 1885, era deudora de Don Salvador Calaf, vecino de aquel pueblo, por la suma de mil treinta y tres pesos mejicanos, procedentes de un préstamo hecho á dicha sociedad por el Sr. Calaf, con la garantía de Doña Antonia Delgado, convecina de aquellos, satisfaciendo dicha Señora el credito á Calaf y quedando constituida en acreedora de Meléndez Hermanos por la suma de mil pesos de aquella moneda; que el 21 de Agosto de 1885 falleció el socio gestor de dicha mercantil Don José Elias Meléndez, y al siguiente dia de dársele sepultura, presentóse en la casa comercial ya citada el Escribano de Actuaciones de esta villa Don José Lorenzo Casalduc acompañado de un Alguacil, y trabó embargo en los bienes de la casa por cuenta de la mercantil de San Juan "S. Melón y Ca." por un crédito de quinientos setenta y siete pesos setenta y dos centavos: que por dicho embargo, la mercantil "Meléndez Hermanos" vióse obligada á convocar á sus acreedores para el pago amistoso de sus deudas, y no pudiendo llevarse á efecto dicho convenio, presentóse la casa en quiebra, incautándose el Juzgado da 1a. Instancia de todas las existencias, activo y pasivo de la quiebra, subastándose las existencias y rematándose en tres mil pesos por la mercantil de Manatí "F. Benero y Compa."; que á virtud de la quiebra dejó de existir en Noviembre de 1885 la mercantil "Meléndez Hermanos" de la que fué también socio gerente el demandado: que á partir de aquella fecha en que por la quiebra fueron embargados todos los bienes de la referida mercantil á los acreedores de la misma, su representado no ha vuelto á ejercer el comercio: que ni un solo acreedor de los Señores Meléndez Hermanos ha interpuesto nunca, desde aquella fecha á la presente, reclamación alguna contra su representado, ni mucho

quested that, owing to the advanced age and delicate health of Mrs. Delgado, whose infirmities endangered her life, she be examined in her own home as to the receipt by her of two hundred *pesos* on account of the promissory note and her indorsement of the balance of the latter and the interest thereon, in favor of the plaintiff, as provided for by article 501 of the Law of Civil Procedure.

"The complaint having been admitted, the municipal judge of Manatí was commissioned to take the testimony of Mrs. Delgado, and notice of said complaint was served upon the defendant Gumersindo Meléndez, who was summoned to appear within the period prescribed by law. He answered the same through Attorney Ramón Nadal Santa Coloma, alleging the following facts: That 'the business copartnership which existed in Manatí until November, 1885, was indebted to Salvador Calaf, a resident of said town, in the sum of one thousand and thirty-three *pesos*, Mexican money, proceeding from a loan made to said firm by Calaf, under the guarantee of Antonia Delgado, a resident of the same town. The latter paid Calaf the money that was due him, whereby she became a creditor of Meléndez Hermanos for the sum of one thousand *pesos* of said money; that on August 21, 1885, the death of José Elías Meléndez, managing partner of said firm, occurred, and the day after his burial, José Lorenzo Casalduc, recording clerk of this town, appeared on the premises of said business concern, accompanied by a constable, and levied an attachment on the property thereof for account of S. Melón & Co., of San Juan, to secure a debt of five hundred and seventy-seven *pesos* and seventy-two *centavos;* that by reason of said attachment, the firm of Meléndez Hermanos was compelled to call a meeting of its creditors, looking to a friendly settlement of its liabilities, and having failed to reach an agreement, the firm declared itself in a state of bankruptcy, whereupon all the stock, assets and liabilities of the concern were taken charge of by the court of first instance, the stock being awared at public sale to the firm of F. Benero & Co., of Manatí, for three thousand *pesos;* that by reason of the failure the firm of Meléndez Hermanos, of which the defendant was also a managing partner, ceased to exist; that from said date, when all the properties of the bankrupt firm were attached on behalf of the creditors thereof, his client has not again engaged in business; that not a single one of the creditors of Meléndez Hermanos has ever from that day to the present moment presented any claim against his client, much less Antonia Delgado or the plaintiff Gregorio

menos Da. Antonia Delgado, ni el demandante Don Gregorio Kuin-lam; y que su representado no adeuda nada ni á dicha Señora ni á Kuinlam, y como socio gestor que fuera de la mercantil "Meléndez Hermanos" tampoco es responsable de la deuda que se reclama, desde el momento que dicha sociedad fué declarada en quiebra y sus bienes incautados, subastados y entregados á los acreedores, y aunque así no hubiera sido, la referida mercantil dejó de existir y la acción que contra sus socios tuvieran ó pudieran tener los acreedores de aquella, ya ha prescrito. Como fundamentos de derecho, citó los artículos 874, 875, 883, 884, 311, 942, 944, 949 y 950 del Código de Comercio; y termina solicitando se declare sin lugar la demanda, con costas al actor.

3. *Resultando*: que convocadas las partes á una *comparecencia* para proponer pruebas, que se señaló para el tres de Diciembre último, fué suspendido el acto á instancia de las partes, señalándose nuevamente para el veinte y cuatro de Enero, del corriente año, y como no concurrieran las partes el nuevo día señalado, á pesar de estar citadas en forma, el Tribunal, de acuerdo con lo dispuesto en la regla 54 de la Orden General número 118, señaló para la celebración de la vista pública el veinte y seis de Febrero para cuyo día solicitó la parte actora, se citara al demandado, al objeto de absolver posiciones, y como ambas partes solicitaran de común acuerdo la suspensión de la vista, señaló nuevamente para el diez y nueve de los corrientes.

4. *Resultando*: que habiendo solicitado la parte actora la nueva citación del demandado para absolver posiciones en el acto de la vista, se declaró por el Tribunal en providencia de doce de los corrientes, no haber lugar á ello, por no haberse propuesto en tiempo dicha prueba, de cuya providencia interpuso reposición la parte actora, y se dió traslado por tres dias á la parte contraria con fecha diez y ocho del actual.

5. *Resultando*: que el dia señalado para la vista tuvo lugar el acto con asistencia de las partes, manifestando la actora que habiendo interpuesto reposición de la providencia de doce del corriente, y conferido traslado á la parte contraria, solicitaba que en aquel hiciera las manifestaciones oportunas para que se resolviera dicho recurso; y concedida la palabra al Letrado Sr. Nadal impugnó dicho recurso por no ser admisible esa prueba, con arreglo á la Orden General 118, y el Tribunal, previa deliberación, declaró no haber lugar á la reposición solicitada: y concedida nuevamente la palabra á los Letrados defensores de las partes, informaron acerca del derecho de sus

Kuinlan; and that his client owes nothing either to Mrs. Delgado or to Kuinlan; nor is he, as the former managing partner of the firm of Mélendez Hermanos, responsible for the debt sought to be recovered from the time said firm was declared in a state of bankruptcy and its property seized, sold at auction and delivered to its creditors; and even were it not so, said firm being no longer in existence, whatever action its creditors had or might have had has already prescribed. As legal grounds he cited articles 874, 875, 883, 884, 311, 942, 944, 949 and 950 of the Code of Commerce; and closed praying that the complaint be dismissed, with costs against the plaintiff.

''The parties having been summoned to appear on the third day of December last for the submission of evidence, this proceeding was suspended at the request of the parties, and the 24th of January of the current year was again set for the purpose, when they again failed to appear, although cited in due form, whereupon the court, pursuant to the provision of rule 54 of General Order No. 118, set February 26 for the public hearing, the plaintiff requesting that the defendant be cited to appear on said day for the purpose of answering interrogatories; but, as both parties, by common consent, then asked that the hearing be adjourned, the 19th instant was again set therefor.

''The plaintiff having requested that at the hearing the defendant be again summoned to answer interrogatories, the court, in an order of the 12th instant, denied the admission of said evidence because it had not been proposed in due time, upon which order the plaintiff requested a rehearing and three days' notice was given to the opposite party on the 18th instant.

''The hearing was had on the day set therefor, the parties being present, when the plaintiff stated that inasmuch as he had requested a reconsideration of the order of the 12th instant, notice whereof had been given to the adverse party, he asked that the latter make, then and there, such declarations as might be necessary for the decision of said matter. The right to speak was granted Attorney Nadal, who opposed the motion on the ground that said evidence was inadmissible, according to General Order No. 118; and the court, after deliberating, disallowed the reconsideration prayed for. The right to speak was again granted to counsel for both parties, who argued in behalf of

representados, terminándose el acto haciéndose constar la protesta formulada por el Letrado de la parte actora, por la no admisión de la prueba de confesión; y seseñaló para la votación de la sentencia el dia de ayer, en que tuvo lugar el acto sin asistencia de las partes, y la prueba de confesión; y se señaló para la votación de la sentencia

6. *Resultando*: que en este juicio se han observado las prescripciones legales.—Siendo Ponente para la redacción de esta sentencia el Juez Asociado de este Tribunal Don Juan José Perea y Baster.

1. *Considerando*: que se interpuso esta demanda en cobro de la suma de mil doscientos cuarenta pesos treinta y dos centavos moneda americana por capital de ochocientos pesos mejicanos é intereses vencidos, acompañandose como título un pagaré suscrito por "Meléndez Hermanos," en Manatí á treinta de Mayo de mil ochocientos ochenta y cinco, á favor de Doña Antonia Delgado, por mil pesos de aquella moneda, pagaderos el treinta de Marzo de mil ochocientos ochenta y seis, siendo convenido amortizar el crédito entregándole la suma de cien pesos mensuales con el interés del uno por ciento hasta extinguir la deuda en el termino señalado, cuyo pagaré endosó la acreeedora á favor de Don Gregorio Kuinlam en treinta de Junio de mil ochocientos ochenta y siete.

2. *Considerando*: que si bien es cierto que el demandado reconoció al contestar la demanda la certeza de la deuda, y por esa circunstancia no se requiere sobre ese extremo otra prueba, ya que la ley estima como probados plenamente los hechos confesados en los escritos de demanda y contestación por la parte á quien perjudiquen, alegó dicho demandado en su contestación la excepción de prescripción.

3. *Considerando*: que la acción que nace del pagaré presentado para reclamar su importe, ha prescrito por el lapso de tiempo fijado por la ley, contado desde el dia en que pudo ejercitarse, ya se le considere de carácter mercantil ya civil.

4. *Considerando*: que las acciones procedentes de los pagarés de comercio se extiguen á los tres años de su vencimiento, háyanse ó no protestado.

5. *Considerando*: que el pagaré presentado debe reputarse de comercio porque el préstamo se reputa mercantil cuando uno de los contratantes fuere comerciante y cuando las cosas prestadas se destinaren á actos de comercio.

6. *Considerando*: que los prestatarios fueron en este caso comerciantes, y "Meléndez Hermanos," como entidad social, no tenía

their respective clients and the protest made by counsel for he plaintiff on the ground of the non-admission of the proof of confession in court having been entered, the hearing was closed. Yesterday having been set for the voting of the judgment, the same was unanimously rendered by the judges in open court, none of the parties being present.

"All the legal provisions have been observed at the hearing of this case.

"Judge Juan José Perea y Baster prepared the opinion of the court.

"This action was brought for the recovery of the sum of $1240.32 United States currency, as principal and interest due on eight hundred *pesos,* Mexican money. In support of said action there was filed with it a promissory note signed by Meléndez Hermanos, at Manatí, May 30, 1885, in favor of Antonia Delgado, for one thousand *pesos* of said money, payable March 30, 1886, with the stipulation that said debt was to be extinguished by monthly payments of one hundred *pesos,* with interest at one per cent., until the expiration of the term agreed upon therein, which note was indorsed by the creditor in favor of Gregorio Kuinlan, on June 30, 1887.

"Although the defendant, in his answer to the complaint, acknowledged the existence of the debt, for which reason no further evidence is required upon this point, since the law considers as fully proved the facts admitted in the complaint and answer by the party injured thereby, said defendant set up in his answer the exception of prescription.

"The action arising from the promissory note presented for the purpose of recovering the amount thereof has prescribed by reason of the lapse of time specified by law, computed from the date when the same could have been instituted, whether it be considered in the nature of a mercantile or a civil action.

"Actions arising from promissory notes of commerce are extinguished three years after the maturity thereof, whether protested or not.

"The promissory note presented herein must be considered as commercial paper, because a loan is reputed to be commercial when one of the contracting parties is a merchant and when the things loaned are intended for commercial transactions.

"The loans involved in this case were commercial, and Meléndez Hermanos, as a commercial entity, had no existence nor objects to be accomplished outside of its mercantile life, and only to the needs of

subsistencia ni fines que llenar fuera de su vida mercantil, y solo á sus necesidades de esta índole podia dedicar el dinero recibido.

7. *Considerando* : que aun en el supuesto inaceptable, pero alegado por la parte actora en el acto de la vista, de que el pagaré tuviera carácter civil, también estaría prescrita la acción para reclamar su importe, porque prescribe á los cinco años la acción para exigir pagos, que deben hacerse por años ó en plazos más breves, y la obligación que se exige debía pagarse en diez meses á razón de cien pesos mensuales, con sus intereses hasta extinguirla en el término señalado, ó sea en 30 de Marzo de mil ochocientos ochenta y seis.

8. *Considerando* : que aun cuando aplicásemos á este caso el precepto legal sobre prescripciones de acciones personales que no tengan término especial, también habría prescrito, porque desde el 30 de Marzo de 1886 hasta el día ocho de Octubre de 1901, en que se presentó la demanda, han transcurrido más de quince años.

9. *Considerando* : que no se ha justificado que posteriormente á la fecha de vencimiento, treinta de Marzo de mil ochocientos ochenta y seis, hubieren hecho pago los deudores de capital ni de interés, pues el abono de doscientos pesos que aparece hecho, según nota puesta en el pagaré, fué anterior á esa fecha, y nada dice la declaración prestada por Doña Antonia Delgado, respecto á haber recibido cantidades por intereses con posterioridad á dicha fecha, ni esa declaración, por tratarse de la acreadora y endosante sería prueba suficiente, aún en el caso de que produjera efecto alguno—que no puede producirse —porque el examen de esa testigo no se verificó del modo prevenido en la Ley de Enjuiciamiento Civil, es decir, con citación previa de las partes y las demás formalidades y requisitos que en aquella se determinan.

10. *Considerando* : que las costas deben imponerse á la parte cuyas pretensiones hayan sido totalmente desestimadas.—Vistos los artículos 1961, 1964, número 3, del 1966 y 1969 del Código Civil, 311 y 950 del Código de Comercio, los 501, 564 y 569 de la Ley de Enjuiciamiento Civil, y las reglas 54, 59 y 63 de la Orden General número 118.

*Fallamos* : que debemos absolver y absolvemos á Don Gumersindo Meléndez en concepto de socio y sucesor de la mercantil "Meléndez Hermanos," de la demanda contra él interpuesta en estos autos por Don Gregorio Kuinlam, á quien condenamos en las costas de este juicio.—Así definitivamente juzgando, lo pronunciamos, mandamos y firmamos.—Felipe Chuchí, Juan J. Perea, Otto Schoenrich."

this character arising from its business could it have applied the money received.

"Even on the supposition (not admissible, but urged by the plaintiff at the trial) that the promissory note was in the nature of a civil instrument, the action to recover the amount thereof would also have prescribed, because actions to enforce payments which should have been made annually or for shorter periods prescribe in five years, and the payment demanded was to be made in ten months, at the rate of one hundred *pesos* per month with interest thereon, until the expiration of the stipulated term, namely, on March 30, 1886.

"Even should we apply to this case the legal provisions regarding the prescription of personal actions for which no special term is fixed, it would likewise have prescribed, because from March 30, 1886, to October 8, 1901, when the complaint was filed, more than fifteen years have elapsed.

"It has not been shown that, subsequently to the date of maturity, March 30, 1886, any payment on account of principal or interest was made by the debtors; for the credit of two hundred *pesos* recorded in a memorandum affixed to the promissory note was made prior to said date, and Antonia Delgado, in her deposition, makes no mention of her having received any sums on account of interest, subsequently thereto; nor would said deposition, coming, as it does, from the debtor and indorser, be sufficient evidence (even in case of its producing any effect, which it cannot do), because the examination of said witness was not made in accordance with the provisions of the Law of Civil Procedure, that is to say, after due citation of the parties and with the other formalities and requisites specified by said Law.

"Costs shall always be paid by the litigant who loses his case on all points.

"In view of articles 1961, 1964, paragraph 3 of article 1966, and article 1969 of the Civil Code, articles 311 and 950 of the Code of Commerce, articles 501, 564 and 569 of the Law of Civil Procedure, and rules 54, 59 and 63 of General Order No. 118, we adjudge that we should release and do release Gumersindo Meléndez, as copartner and successor of the mercantile firm of Meléndez Hermanos, from the action brought against him in this case by Gregorio Kuinlan, upon whom we impose the costs hereof. Thus, finally adjudging, do we pronounce, order and sign. Felipe Cuchí, Juan J. Perea, Otto Schoenrich."

*Resultando* que contra esta sentencia interpuso la representación de Don Gregorio Kuinlam recurso de casación por quebrantamiento de forma y por infracción de ley, y habiendo sido desestimado el primero por sentencia de tres de Noviembre de 1902, se sustanció el segundo como de apelación, evacuando ambas partes el trámite de instrucción, la recurrente por medio de su Letrado, y la recurrida en los estrados del Tribunal, después de lo cual se señaló día para la vista que tuvo lugar con asistencia del Letrado de Don Gregorio Kuinlam.

Abogado del apelante: *Sr. López Landrón.*

La parte apelada no compareció.

EL JUEZ ASOCIADO SR. HERNÁNDEZ, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la sentencia apelada.

*Considerando* que aun aplicando para la decisión del pleito el Código de Comercio de 1829, vigente en la fecha en que fué librado por la sociedad mercantil "Meléndez Hermanos" el pagaré de que se trata, habría prescrito la acción ejercitada con arreglo al artículo 569 de dicho Código, según el cual ninguna acción es admisible en juicio para el pago ó reembolso de las libranzas y pagarés de comercio después de haber pasado cuatro años desde su vencimiento; y si se aplicara la ley común, también existiría la prescripción como medio de extinguir la obligación derivada del mencionado documento, pues según el artículo 1939 del Código Civil de 1889, la prescripción comenzada antes de la publicación de ese Código había de regirse por las leyes anteriores al mismo, pero si desde que fué puesto en observancia transcurriese todo el tiempo en él exigido para la prescripción, surtirá ésta su efecto, aunque por dichas leyes anteriores se requiriese mayor lapso de tiempo.

*Vistos* los textos legales que se dejan citados y los demás que se citan en la sentencia.

From this judgment counsel for Gregorio Kuinlan took an appeal in cassation for breach of form and error of law. The former was disallowed by a decision of November 3, 1902, and the latter conducted as an ordinary appeal. The parties were given an opportunity to examine the record, the appellant through his counsel, and the respondent by service in the court room, after which a day was set for the hearing, which took place, counsel for Gregorio Kuinlan being present.

Mr. López Landrón, for appellant.

The respondent did not appear.

MR. JUSTICE HERNÁNDEZ, after making the above statement of facts, delivered the opinion of the court.

The findings of fact and conclusions of law, as contained in the judgment appealed from, are accepted.

Even should we apply, in the decision of this case, the Code of Commerce of 1829, which was in force at the time the promissory note in question was made by the firm of Meléndez Hermanos, the right of action would have prescribed under article 569 of said Code, according to which no action can be maintained for the payment or reimbursement of drafts and commercial promissory notes after the lapse of four years from their maturity; and should the common law be applied, there would still be prescription as a means of extinguishing the obligation arising from aforesaid document, for, according to article 1939 of the Civil Code of 1899, prescription which began to run before the publication of said Code was to be governed by the prior laws; but if, after it became operative, all the time required therein for prescription had elapsed, it was to be effectual, even if according to said prior laws a longer period of time might be required.

In view of the legal provisions hereinbefore cited and those that are cited in the judgment, we adjudge that we should

*Fallamos* que debemos confirmar y confirmamos la sentencia dictada por el Tribunal de Distrito de Arecibo en 25 de Marzo de 1902 con las costas del recurso también á cargo de la parte apelante; y devuélvanse los autos al expresado Tribunal con la certificación correspondiente.

Jueces concurrentes: Sres. Presidentes Quiñones y Asociados Figueras y MacLeary.

El Juez Asociado Sr. Sulzbacher, no formó Tribunal en la vista de este caso.

---

ANTONGIORGI *v.* EL REGISTRADOR DE LA PROPIEDAD.

RECURSO GUBERNATIVO contra nota del Registrador de la Propiedad de San Germán.

No. 5.—Resuelto en Mayo 6, 1904.

CARTA DE CIUDADANIA.—Expedida una carta de ciudadania de los Estados Unidos por la Corte Suprema de un Estado, y autorizada la misma por el Secretario de dicha Corte y el sello del Tribunal, no necesita dicho documento de ningún otro requisito para ser admitido como auténtico y eficáz en juicio, y fuera de él, en todos los Estados y Territorios de la Union.

DERECHO INTERNACIONAL PRIVADO—ESTATUTO PERSONAL.—Es principio de derecho internaciónal privado, admitido por la Jurisprudencia de los Tribunales y especialmente sancionado por el art. 9. del Código Civil, que la ley personal del individuo es la del pais á que pertence. la que le sigue donde quiera que se traslade,regulando sus derechos personales, su capacidad para trasmitir por actos *inter vivos ó mortis* causa y el régimen de su matrimonio y familia.

ID.—SOCIEDAD CONYUGAL—BIENES GANANCIALES—ENAGENACIÓN DE BIENES INMUEBLES.—Aplicando la doctrina precedente, un ciudadano de cualquier Estado, donde no se halle establecida la sociedad legal de gananciales, tiene perfecta capacidad para otorgar en Puerto Rico un contrato de compra-venta de finca rústica, de su propiedad particular, sin que por ello se infrinja ley ó precepto alguno vigente en esta isla referente á la enagenación de bienes inmuebles.

LEYES RELATIVAS Á FAMILIA Y Á LAS PERSONAS—CIUDADANOS EXTRANGEROS Y DE PUERTO RICO.—Las leyes relativas á los derechos y deberes de familia ó del estado, condición y capacidad legal de las personas, obligan á los ciudadanos de Puerto Rico, aunque residan en paises extrangeros, y este precepto del Código Civil, es aplicable, por analogía, á los ciudadanos de cualquier Estado, residentes habitual ó temporalmente en Puerto Rico.

affirm and do affirm the judgment rendered by the District Court of Arecibo, March 25, 1902, with costs of the appeal also against the appellant. The record is ordered to be returned to aforesaid court, together with the proper certificate.

Chief Justice Quiñones and Justices Figueras and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.